UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **14TH STREET PROPERTIES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1593** |
| **SOUTHERN FIDELITY INSURANCE CO.,** et al. | **SECTION: "G"(4)** |

## ORDER

Before the Court is Plaintiff 14th Street Properties, LLC's ("Plaintiff") "Motion to Remand,"[1] wherein it asserts that the sole ground upon which jurisdiction could be based was destroyed when Plaintiff amended its complaint to add Louisiana Insurance Guaranty Association ("LIGA") as an additional defendant.[2] Plaintiff originally filed this action against Defendant Southern Fidelity Insurance Company ("SFIC") in the Civil District Court for the Parish of Orleans on April 13, 2022.[3] SFIC removed the action to this Court on June 2, 2022, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[4] On June 23, 2022, the Court granted SFIC's unopposed motion to stay and administratively closed this matter for six months because SFIC had been declared insolvent and placed into liquidation.[5] Thereafter, the Court granted Plaintiff's unopposed motion to amend its complaint to add LIGA as SFIC's statutory successor-in-interest

---

[1] Rec. Doc. 15.

[2] Rec. Doc. 15-1 at 1–2.

[3] Rec. Doc. 1-2.

[4] Rec. Doc. 1.

[5] Rec. Doc. 8.

1

and reopened the case upon Plaintiff's request at the end of the six-month period.[6] The pending Motion to Remand was filed on January 10, 2023, and set for submission on January 25, 2023.[7]

No memorandum in opposition to the Motion to Remand was submitted, timely or otherwise. Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the submission date. Accordingly, this motion is deemed unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[8]

Plaintiff asserts that the sole ground for removal, diversity jurisdiction pursuant to 28 U.S.C. § 1332, was destroyed when Plaintiff named LIGA as a Defendant because LIGA is SFIC's statutory successor-in-interest.[9] Specifically, Plaintiff asserts that this Court no longer has diversity jurisdiction because Plaintiff "is a limited liability company, with all members domiciled and citizens of Louisiana," and "LIGA is a private nonprofit unincorporated legal entity domiciled and a citizen of Louisiana."[10] The diversity statute, 28 U.S.C. § 1332, is satisfied upon a showing of (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs.[11] Diversity, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side."[12] The burden of proving diversity jurisdiction "rests upon the party who seeks to

---

[6] Rec. Doc. 10; Rec. Doc. 16.

[7] Rec. Doc. 15.

[8] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 356 (5th Cir. 1993).

[9] Rec. Doc. 15-1 at 2.

[10] *Id*. (citing La. Rev. Stat. § 22:2055(7)).

[11] 28 U.S.C. § 1332.

[12] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

invoke the court's diversity jurisdiction."[13]

The Fifth Circuit has held that the citizenship of an LLC "is determined by the citizenship of all its members."[14] In the Amended Complaint, Plaintiff asserts that its members are Louisiana residents and LIGA is a Louisiana private nonprofit legal entity.[15] Therefore, for purposes of the diversity jurisdiction analysis, Plaintiff and LIGA are citizens of Louisiana. Thus, the parties are not completely diverse.[16] Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court."[17] The Court permitted Plaintiff's joinder of LIGA as SFIC's statutory successor-in-interest by granting Plaintiff's unopposed motion to amend the complaint and no longer has diversity jurisdiction over this matter.[18] Therefore, the Court grants the motion to remand as unopposed.

Accordingly,

---

[13] *Id.*

[14] *Id.* at 1079–80.

[15] Rec. Doc. 11 at 1–2.

[16] *Id*. at 2.

[17] 28 U.S.C. § 1447(e).

[18] *See* Rec. Doc. 10.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[19] is **GRANTED** as unopposed.

**IT IS FURTHER ORDERED** that the case is remanded to the Civil District Court of the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA,** this 26th day of January, 2023.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**

---

[19] Rec. Doc. 15.